UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD BENSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-01355-MTS |
| ) | |
| ANDREW BAILEY, *in his official capacity as* ) | |
| *Attorney General of the State of Missouri*, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Second Motion for Extension of Time, Doc. [20], and on review of the file. Plaintiffs filed this action on December 21, 2022, asking the Court temporarily, preliminarily, and permanently to enjoin Defendants from enforcing Missouri Revised Statute Section 67.2300.5. *See* Doc. [1] ¶ 82(c). On February 21, 2023, Defendant Andrew Bailey filed a Motion to Dismiss Plaintiffs' claims. Doc. [16]. On Plaintiffs' Motion, Doc. [18], the Court granted them an additional fourteen days to file any opposition to Defendant Bailey's Motion. Doc. [19]. Now before the Court is Plaintiffs' Second Motion for Extension of Time, in which they seek an additional twenty-eight days to Respond to Defendant Bailey's Motion. Doc. [20]. While Plaintiffs noted that Defendant Bailey does not oppose the Motion, Plaintiffs did not even attempt to show good cause. *See* Fed. R. Civ. P. 6(b) (providing that when "an act may or must be done within a specified time, the court may, *for good cause*, extend the time" (emphasis added)). They provided no reason whatsoever for their request or why the Court should grant it. And, here, where Plaintiffs sought emergency relief, the Court thinks it especially necessary that the litigants at least attempt to show good cause before seeking a second extension of time to litigate. *Cf.* Fed. R. Civ. P. 1 (providing that parties and courts

should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

In perhaps another sign of a fading interest in litigating this action after their initial urgency, today marks ninety days since Plaintiffs filed this action, yet Plaintiffs have not filed proof of service as to Defendant Michael Sack or Defendant the St. Louis Metropolitan Police Department.  Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within ninety days after a complaint is filed, the Court "must dismiss the action without prejudice against that defendant" or "order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Since there is no indication that Plaintiffs have served the remaining Defendants, the Court will order that service be made within a specified time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Second Motion for Extension is **GRANTED** in part and **DENIED** in part.  Plaintiffs shall file any opposition to Defendant Bailey's Motion to Dismiss, Doc. [16], no later than **Friday, March 24, 2023**.

**IT IS FURTHER ORDERED** that, no later than **Friday, March 24, 2023**, Plaintiffs must serve Defendant Michael Sack and the St. Louis Metropolitan Police Department and file proof of such service.  The failure to file proof of service of these Defendants by **Friday, March 24, 2023**, will result in dismissal of the action without prejudice against these Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Dated this 21st day of March 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE